UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELWOOD LEE,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-2528** |
| **OFFSHORE LOGISTICAL AND TRANSPORTS L.L.C.,**<br>    **Defendant** | **SECTION: "E" (2)** |

### ORDER AND REASONS

Before the Court is Defendant's motion to dismiss Plaintiff's punitive damages claims relating to negligence and unseaworthiness pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]

### BACKGROUND

This is a maritime personal injury case. Plaintiff Elwood Lee ("Plaintiff") filed a complaint on July 10, 2015, pursuant to the Jones Act[2] and the general maritime law.[3] Plaintiff alleges that, while aboard the M/V Balty on or about July 20, 2014, Plaintiff "experienced an accident" resulting in "serious painful injuries" to his knee and other parts of his body.[4] The complaint asserts that the M/V Balty was owned, operated, and/or controlled by Defendant Offshore Logistical and Transports L.L.C. ("Defendant") and that Plaintiff was an employee of Defendant at the time of the accident.[5] Plaintiff brings claims for negligence and unseaworthiness and "specifically alleges a claim for punitive damages under the general maritime law."[6]

---

[1] R. Doc. 6.
[2] 46 U.S.C. § 30104.
[3] R. Doc. 1.
[4] *Id.* at ¶¶ III–V.
[5] *Id.*
[6] R. Doc. 1 at ¶ XII.

1

Defendant filed a motion to dismiss pursuant to Rule 12(b)(6) on September 25, 2015,[7] arguing that Plaintiff cannot recover punitive damages under the Jones Act or the general maritime law.[8] Plaintiff filed a response to the motion to dismiss on October 12, 2015, requesting that, "should the Court agree to dismiss claims for punitive damages for unseaworthiness, . . . that particular claim be dismissed without prejudice."[9] Defendant filed a surreply on November 23, 2015.[10]

## STANDARD OF LAW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a claim if the claimant fails to set forth factual allegations in support of the claim that would entitle the claimant to relief.[11] Those "'[f]actual allegations must be enough to raise a right to relief above the speculative level.'"[12] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[13] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14] In considering a motion to dismiss, the Court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the non-moving party.[15] "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."[16]

---

[7] R. Doc. 6.
[8] *See* R. Doc. 6-1 at 3. The motion to dismiss "does not seek at this time to dismiss" the claim for punitive damages for any alleged arbitrary or unreasonable failure of Defendant to pay maintenance and cure benefits. *See id.*
[9] R. Doc. 7.
[10] R. Doc. 11.
[11] *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir. 2007).
[12] *Gonzalez v. Kay,* 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Twombly,* 550 U.S. at 555).
[13] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).
[14] *Id.*
[15] *Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 232 (5th Cir. 2009).
[16] *Iqbal*, 556 U.S. at 678.

**DISCUSSION**

Defendant argues in its motion to dismiss that the Fifth Circuit's decision in *McBride v. Estis Well Service, Inc.*[17] is dispositive of this issue. In *McBride*, the Fifth Circuit, sitting *en banc*, cited to and relied on *Miles v. Apex Marine Corp.*,[18] "which holds that the Jones Act limits a seaman's recovery to pecuniary losses where liability is predicated on the Jones Act or unseaworthiness."[19] The Fifth Circuit in *McBride* noted that "[b]ecause punitive damages are non-pecuniary losses," they are not recoverable under the Jones Act or the general maritime law.[20]

Plaintiff concedes in its response that the Fifth Circuit "has stated that punitive damages are not available under the general maritime law in its latest decision in *McBride*."[21] Plaintiff requests that the claims for punitive damages be dismissed without prejudice, "allowing him to refile such claims if *McBride* is reversed by the Supreme Court at a later date and while this case is pending."[22] The Supreme Court, however, denied the petition for writ of *certiorari* in *McBride* on May 18, 2015.[23]

In *Collins v. A.B.C. Marine Towing, L.L.C.*,[24] another Section of this Court concluded that punitive damages are available under general maritime law against a non-employer third party. That court declined to follow the Fifth Circuit's decision in *Scarborough v. Clemco Industries*, which held, in line with *Miles* and *McBride*, that a seaman may not recover punitive damages against either his employer or a non-employer.[25] The court in *Collins* noted that, since the *Scarborough* decision in 2004, the

---

[17] 768 F.3d 382 (5th Cir. 2014) (en banc).
[18] 498 U.S. 19 (1990).
[19] *Id.* at 384, 388.
[20] *Id.*
[21] R. Doc. 7 at 2.
[22] *Id.*
[23] *See McBride v. Estis Well Serv., L.L.C.*, 135 S. Ct. 2310 (2015).
[24] No. 14-1900, 2015 WL 5254710 (E.D. La. Sept. 9, 2015).
[25] *Scarborough v. Clemco Indus.*, 391 F.3d 660, 668 (5th Cir. 2004).

Supreme Court has held—in *Atlantic Sounding Co. v. Townsend*—that a seaman can recover punitive damages for an employer's arbitrary withholding of maintenance and cure.[26] Thus, the *Collins* court concluded that the Supreme Court effectively "call[ed] into question the legal reasoning and conclusions espoused in *Scarborough*" and that, consequently, *Scarborough* had been implicitly overruled.[27] As a result, the *Collins* court found, in the context of a seaman's claims against a non-employer third party where the Jones Act is not implicated, the seaman can recover punitive damages.[28]

However, as even *Collins* recognizes, the *Townsend* decision is specific to the maintenance-and-cure context and does not address whether punitive damages are available for claims of unseaworthiness.[29] In fact, the *Townsend* Court took pains to distinguish maintenance and cure, for which it concluded punitive damages are available, from a seaman's remedies for negligence and unseaworthiness, for which punitive damages are generally not available under *Miles*, *Scarborough*, and *McBride*.[30] As other courts in this district have recognized, although *Townsend* may give hope to seamen wishing to obtain punitive damages for unseaworthiness claims against their employers and non-employers, "this Court cannot assume the Fifth Circuit has changed its position on personal injury claims falling outside the scope of *Townsend*."[31] Further, the Court notes that the Fifth Circuit's decision in *Scarborough*, which held that a seaman may not

---

[26] *See Atlantic Sounding Co. v. Townsend*, 557 U.S. 404, 424–25 (2009); *Collins*, 2015 WL 5254710, at *3–4.
[27] *Collins*, 2015 WL 5254710, at *5.
[28] *Id.* at *5–6.
[29] *Id.* at *3. *See also Townsend*, 557 U.S. at 419–21.
[30] *Townsend*, 557 U.S. at 407.
[31] *Bloodsaw v. Diamond Offshore Mgmt. Co.*, No. 10-4163, 2013 WL 5339207, at *1 (E.D. La. Aug. 19, 2013). *See also In re International Marine*, No. 12-358, 2013 WL 3293677, at *9 (E.D. La. June 28, 2013); *O'Quain v. Shell Offshore, Inc.*, No. 2:12-cv-01693, 2013 WL 149467, at *4 (E.D. La. Jan. 14, 2013); *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179, 2011 WL 4575696, at *11 (E.D. La. Sept. 30, 2011); *Wilson v. Noble Drilling Corp.*, No. 08-4940, 2009 WL 9139586, at *2–3 (E.D. La. Aug. 12, 2009).

4

recover punitive damages against either his employer or a non-employer, is binding on this Court and has never been overruled. As a result, the Court finds that Plaintiff's punitive damages claims relating to negligence and unseaworthiness are not plausible claims for relief in light of binding Fifth Circuit precedent.

## CONCLUSION

**IT IS ORDERED** that Defendant's motion to dismiss is **GRANTED**. Plaintiff's claims for punitive damages for negligence and unseaworthiness under the Jones Act and general maritime law are hereby **DISMISSED WITH PREJUDICE**. This Order does not impact Plaintiff's claim for punitive damages for any alleged arbitrary and unreasonable failure of Defendant to pay maintenance and cure benefits.[32]

**New Orleans, Louisiana, this 24th day of November, 2015.**

**_____**
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[32] *See supra* note 8.