## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ELWOOD LEE,**            **CIVIL ACTION**
    **Plaintiff**

**VERSUS**            **NO. 15-2528**

**OFFSHORE LOGISTICAL AND**            **SECTION: "E" (2)**
**TRANSPORT L.L.C.,**
    **Defendant**

## ORDER AND REASONS

The issue before the Court is whether the Plaintiff will survive a motion for summary judgment on his claims based on Jones Act negligence and unseaworthiness under general maritime law if he has put forth no competent summary judgment evidence regarding causation.

Defendant Offshore Logistical & Transport, LLC filed a motion for partial summary judgment on the issues of Jones Act negligence and unseaworthiness.[1] Plaintiff Elwood Lee opposes the motion.[2] For the reasons that follow, the motion for summary judgment is **GRANTED**.

## FACTUAL & PROCEDURAL BACKGROUND

This is a maritime personal injury case. Plaintiff Elwood Lee ("Plaintiff") filed a complaint on July 10, 2015, pursuant to the Jones Act[3] and general maritime law.[4] Plaintiff alleges, while aboard the M/V BALTY on July 20, 2014, he "experienced an accident" on the stern deck resulting in "serious painful injuries" to his knee and other

---

[1] R. Doc. 23.
[2] R. Doc. 27.
[3] 46 U.S.C. § 30104.
[4] R. Doc. 1.

parts of his body.[5] The parties agree the M/V BALTY was owned, operated, and/or controlled by Defendant Offshore Logistical and Transport, LLC ("Defendant"), the Plaintiff was an employee of Defendant at the time of the accident, and the Plaintiff was a seaman under the Jones Act at the time of the accident.[6] It is undisputed that Plaintiff, as the senior captain aboard the M/V BALTY, was involved in getting "the boat organized" and performed "generalized maintenance."[7] It is undisputed Plaintiff was unaware of a defect that gave him "concern about the ability to walk in [the] area" of the alleged injury.[8] Finally, both parties agree there was no non-skid material on the deck of the M/V BALTY at the time of Plaintiff's injury.[9]

The parties, however, dispute whether the lack of non-skid application was negligence or constituted unseaworthiness of the M/V BALTY.[10] Plaintiff contends Defendant had the duty to ensure there was a non-skid application on the deck, but Defendant asserts that Plaintiff, as captain, bears this duty. Whether the lack of a non-skid application caused Plaintiff's accident also is disputed.[11] Plaintiff testified at his deposition he does not know what caused the accident.[12]

On July 12, 2016, Defendant filed a motion for partial summary judgment seeking the dismissal of Plaintiff's claims for damages for Jones Act negligence and unseaworthiness under general maritime law. According to Defendant, Plaintiff "cannot identify any act of negligence or breach of duty" by Defendant that caused his injury or

---

[5] *Id.* at ¶¶ III–V.
[6] *Id.*; R. Doc. 23-4 at 1, ¶ 3; R. Doc. 27-1 at 1, ¶ 3.
[7] R. Doc. 23-2 at 7.
[8] *Id.* at 20.
[9] *Id.* at 17–18.
[10] R. Doc. 23-4 at 3, ¶ 14; R. Doc. 27-1 at 2, ¶ 14.
[11] R. Doc. 23-4 at 4, ¶¶ 28–29; R. Doc. 27-1 at 3, ¶¶ 28–29.
[12] R. Doc. 23-2 at 19.

"any condition of the vessel BALTY [that] was not fit for its intended service or was a substantial and proximate cause of [Plaintiff's] knee injury."[13] Defendant seeks dismissal of Plaintiff's negligence and unseaworthiness claims with prejudice.[14]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[15] "An issue is material if its resolution could affect the outcome of the action."[16] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[17] All reasonable inferences are drawn in favor of the nonmoving party.[18] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the nonmoving party, no reasonable trier of fact could find for the nonmoving party, thus entitling the moving party to judgment as a matter of law.[19]

If the dispositive issue is one on which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[20] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the nonmoving party to direct the Court's attention to something in the pleadings or other evidence in the

---

[13] R. Doc. 23-1 at 15.
[14] R. Doc. 23 at 1.
[15] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[16] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[17] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[18] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[19] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).
[20] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).

record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[21]

If the dispositive issue is one on which the nonmoving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the nonmovant's claim, or (2) affirmatively demonstrating there is no evidence in the record to establish an essential element of the nonmovant's claim.[22] When proceeding under the first option, if the nonmoving party cannot muster sufficient evidence to dispute the movant's contention that there are no disputed facts, a trial would be useless, and the moving party is entitled to summary judgment as a matter of law.[23] When, however, the movant is proceeding under the second option and is seeking summary judgment on the ground that the nonmovant has no evidence to establish an essential element of the claim, the nonmoving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[24] Under either scenario, the burden then shifts back to the movant to demonstrate the inadequacy of the evidence relied upon by the nonmovant.[25] If the movant meets this burden, "the burden of production shifts [back again] to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further

---

[21] *Celotex*, 477 U.S. at 322–24 (Brennan, J., dissenting).
[22] *Id.* at 331–32.
[23] *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288–89 (1980); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).
[24] *Celotex*, 477 U.S. at 332–33.
[25] *Id.*

discovery is necessary as provided in Rule 56(f)."[26] "Summary judgment should be granted if the nonmoving party fails to respond in one or more of these ways, or if, after the nonmoving party responds, the court determines that the moving party has met its ultimate burden of persuading the court that there is no genuine issue of material fact for trial."[27]

"[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports the claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[28]

## LAW AND ANALYSIS

At trial, Plaintiff will bear the burden of proving the Defendant's negligence was the legal cause of his injuries and that the unseaworthiness of the M/V BALTY was the proximate cause of his injury. The Defendant has chosen the second method of meeting its burden as the movant on summary judgment, affirmatively demonstrating there is no evidence in the record to establish causation. Defendant argues Plaintiff "cannot identify any act of negligence or breach of duty" by Defendant that caused his injury or "any condition of the vessel BALTY [that] was not fit for its intended service or was a substantial and proximate cause of [Plaintiff's] knee injury."[29] To establish the lack of record evidence regarding causation, Defendant relies on excerpts from Plaintiff's

---

[26] *Celotex*, 477 U.S. at 332–33, 333 n.3.

[27] *Id.*; *see also First National Bank of Arizona*, 391 U.S at 289.

[28] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).

[29] R. Doc. 23-1 at 15.

deposition.[30] When questioned about the cause of his knee injury, Plaintiff testified "I don't know what happened. When I turned, I just remember my leg going the opposite direction. I don't know if I pivoted the wrong way, I don't know if I slipped."[31] Additionally, in his deposition, when asked whether his injuries were caused by an unreasonably safe place to work, the Plaintiff answered "[n]o, sir."[32] Plaintiff gave the same response when he was asked whether his injuries were caused by Defendant's failure to properly train or supervise, failure to take precautions for safety, failure to follow a safety requirement, failure to provide adequate equipment, or failure to provide him with adequate crew members.[33]

Plaintiff, as the party opposing summary judgment, may defeat Defendant's motion by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[34] In this case, Plaintiff must identify specific evidence in the record and articulate the precise manner in which that evidence makes a sufficient showing of causation for him to survive summary judgment on his Jones Act negligence and unseaworthiness claims.

I.    JONES ACT NEGLIGENCE

The Jones Act provides a seaman with a cause of action against his employer for injuries sustained as a result of his employer's negligence.[35] A seaman may recover damages under the Jones Act if his employer's negligence was the legal cause, in whole or

---

[30] R. Doc. 23-2.
[31] *Id.* at 19.
[32] *Id.* at 22–23.
[33] *Id.* Plaintiff contends when he stated "I don't know what happened[,]" he was speaking about the "mechanism of his injury." R. Doc. 27-1 at 2, ¶¶ 25–26.
[34] *Celotex*, 477 U.S. at 332–33.
[35] *Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331, 335 (5th Cir. 1997).

in part, of his injury.[36] A seaman must establish that the Defendant had a duty to provide a reasonably safe place to work, the Defendant breached that duty, and the negligence caused the Plaintiff's injuries. In this case, even if the Court assumes the Defendant had the duty to maintain the M/V BALTY as a safe place to work and the Defendant breached that duty, the Plaintiff fails to point to any evidence in the record regarding causation that was overlooked or ignored by the Defendant. The Plaintiff bears a "featherweight" burden of proof to establish causation for a Jones Act negligence claim, and need only show that his employer contributed to his injuries in the slightest degree.[37] Plaintiff, however, must at least point to sufficient evidence to allow a reasonable inference of causation.[38]

Plaintiff attempts to satisfy his burden regarding causation by pointing to the expert report of Captain J.P. Jamison.[39] Captain Jamison's report, however, is not accompanied by a sworn affidavit, and is thus not proper summary judgment evidence. In the Fifth Circuit, it is a settled rule that "an unsworn affidavit is incompetent to raise a fact issue precluding summary judgment."[40] Plaintiff has failed to meet his burden to establish causation by pointing to competent summary judgment evidence in the record affirmatively demonstrating that an action of Defendant, in whole or in part, caused his injuries.

## II.   UNSEAWORTHINESS CAUSATION

Independent from a Jones Act claim, a seaman may claim his injuries were caused by the unseaworthiness of a vessel under general maritime law. A vessel is deemed

---

[36] *Id.*
[37] *Gavagan v. United States*, 955 F.2d 1016, 1019 (5th Cir. 1992).
[38] *Id.*
[39] R. Doc. 27 at 2; R. Doc. 27-5.
[40] Nissho-Iwai Am. Corp. v. Kline, 845 F.2d 1300, 1306 (5th Cir. 1988); *see also* Provident Life & Acc. Ins. Co. v. Goel, 274 F.3d 984, 1000 (5th Cir. 2001) ("Unsworn expert reports . . . do not qualify as affidavits or otherwise admissible evidence for [the] purpose of Rule 56, and may be disregarded by the court when

unseaworthy if a condition of the vessel presents an unreasonable risk of harm to the seaman.[41] The elements of an unseaworthiness claim are that the vessel or equipment was unreasonably fit for its intended purpose, and the "unseaworthy condition played a substantial part in bringing about or actually causing the injury and that the injury was either a direct result or a reasonably probable consequence of the unseaworthiness."[42] This "substantial" causation requirement is more stringent than the causation requirement in a Jones Act negligence claim.[43] In this case, the Plaintiff contends the lack of non-skid application on the deck of the M/V BALTY rendered the vessel unseaworthy, and that unseaworthiness caused the Plaintiff's injuries. Plaintiff, however, again fails to point to any competent summary judgment evidence to establish a causal link between the lack of non-skid application and the accident. In fact, in Plaintiff's deposition, when asked whether there was "anything about the vessel that caused it to be unfit that caused you to be hurt," the Plaintiff responded "[n]o, sir."[44] The Plaintiff thus fails to meet his burden of calling to the attention of the Court any competent summary judgment evidence in the record that was overlooked or ignored by the moving party to support his claim that the unseaworthiness of the vessel caused his injuries.

The Fifth Circuit has held summary judgment cannot be avoided merely by showing "some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[45] "Rather, the nonmoving

---

ruling on a motion for summary judgment."); Duplantis v. Shell Offshore, Inc., 948 F.2d 187, 191 (5th Cir. 1991) (expert letter not considered for summary judgment purposes where it is unsworn).

[41] *Park v. Stockhill Boat Rentals, Inc.*, 492 F.3d 600, 604 (5th Cir. 2007).

[42] *Mitchell v. Trawler Racer, Inc.*, 362 U.S. 539, 550 (1960). This is a "proximate cause" standard. *Alverez v. J. Ray McDermott & Co.*, 674 F.2d 1037, 1042–44 (5th Cir. 1982).

[43] *Alverez*, 574 F.2d at 1043.

[44] R. Doc. 23-2 at 23.

[45] *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citations and internal quotation marks omitted); *see also Lawrence v. Federal Home Loan Mortg. Corp.*, 808 F.3d 670, 673–74 (5th Cir. 2015).

party must set forth specific facts showing the existence of a genuine issue concerning every essential component of its case."[46] "Testimony based on conjecture or speculation is insufficient to raise an issue of fact to defeat a summary judgment motion because there is no issue for trial unless there is sufficient evidence favoring a nonmoving party."[47]

Defendant has met its burden of affirmatively demonstrating there is no evidence in the record to establish an essential element of Plaintiff's claims against Defendant—the cause of Plaintiff's injuries. Plaintiff has failed to call the Court's attention to supporting evidence already in the record to establish that the negligence of Defendant or the unseaworthiness of the M/V BALTY caused or contributed to the Plaintiff's injury.

## <u>CONCLUSION</u>

For the foregoing reasons, **IT IS ORDERED** that the motion for partial summary judgment filed by Offshore Logistical & Transport, LLC on the issues of liability for Jones Act negligence and unseaworthiness under general maritime law, be and hereby is **GRANTED**.

New Orleans, Louisiana, this 24th day of August, 2016.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[46] *Boudreaux*, 402 F.3d at 540 (citations and internal quotation marks omitted).
[47] *Ruiz v. Whirlpool, Inc.*, 12 F.3d 510, 513 (5th Cir. 1994) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986)).