UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| ELWOOD LEE, | CIVIL ACTION |
| Plaintiff | |
| VERSUS | NO. 15-2528 |
| OFFSHORE LOGISTICAL & TRANSPORTS, LLC, | SECTION: "E" |
| Defendant | |

## ORDER AND REASONS

Before the Court is Defendant Offshore Logistical & Transport, LLC's ("Offshore") motion for partial summary judgment on the issues of Jones Act negligence and unseaworthiness.[1] Plaintiff Elwood Lee opposes the motion.[2] For the reasons that follow, Offshore's motion for summary judgment is **DENIED**.

## BACKGROUND

Lee filed a complaint on July 10, 2015, pursuant to the Jones Act[3] and general maritime law.[4] In his complaint, Lee alleges that on July 20, 2014, while aboard the M/V BALTY, he "experienced an accident" on the stern deck resulting in "serious painful injuries" to his knee and other parts of his body.[5] The parties agree that: (1) the M/V BALTY was owned, operated, and/or controlled by Offshore; (2) Lee was an employee of Offshore at the time of the accident; and (3) Lee was a seaman under the Jones Act at the time of the accident.[6] It is undisputed that Lee, as the senior captain aboard the M/V BALTY, was involved in getting "the boat organized" and performed "generalized

---

[1] R. Doc. 65.
[2] R. Doc. 70.
[3] 46 U.S.C. § 30104.
[4] R. Doc. 1.
[5] *Id.* at ¶¶ III–V.
[6] *Id.*; R. Doc. 65-4 at 1, ¶ 3; R. Doc. 70-1 at 1, ¶ 3.

1

maintenance."[7] It is undisputed Lee did not see anything that gave him any "concern about the ability to walk in [the] area" of the alleged injury.[8] Finally, both parties agree there was no non-skid material on the deck of the M/V BALTY at the time of Lee's injury.[9]

The parties, however, dispute whether Offshore's failure to apply non-skid paint constituted negligence or rendered the M/V BALTY unseaworthy[10] and whether the lack of non-skid paint contributed to Lee's injuries.[11] Lee contends Offshore had the duty to ensure there was a non-skid application on the deck, but Offshore asserts that Lee, as the vessel's captain, bears this duty.

On November 15, 2017, Offshore filed the instant motion for partial summary judgment.[12] In its motion, Offshore contends Lee has no record evidence creating a genuine issue of material fact with respect to Offshore's negligence or whether the M/V BALTY's alleged unseaworthiness caused or contributed to Lee's injury.[13] Lee timely filed his opposition on November 21, 2017.[14]

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[15] "An issue is material if its resolution could affect the outcome of the action."[16] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing

---

[7] R. Doc. 65-4 at ¶ 4; 70-1 at ¶ 4.
[8] R. Doc. 65-4 at ¶ 18; 70-1 at ¶ 18.
[9] R. Doc. 65-4 at ¶ 25; 70-1 at ¶ 25.
[10] R. Doc. 65-4 at ¶ 14; R. Doc. 70-1 at ¶ 14.
[11] R. Doc. 65-4 at ¶¶ 28–29; R. Doc. 70-1 at ¶¶ 28–29.
[12] R. Doc. 65.
[13] *Id.*
[14] R. Doc. 70.
[15] FED. R. CIV. P. 56; *see also Celotex*, 477 U.S. at 322–23.
[16] *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).

the evidence."[17] All reasonable inferences are drawn in favor of the non-moving party.[18] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law.[19]

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion[] and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."[20] If the dispositive issue is one on which the non-moving party will bear the burden of persuasion at trial, to satisfy Federal Rule of Civil Procedure 56's burden, the moving party must do one of two things: it "may submit affirmative evidence that negates an essential element of the nonmoving party's claim" or "demonstrate to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim."[21] When the moving party chooses the latter option it

> must affirmatively show the absence of evidence in the record. This may require the moving party to depose the nonmoving party's witnesses or to establish the inadequacy of documentary evidence. If there is literally no evidence in the record, the moving party may demonstrate this by reviewing for the court the admissions, interrogatories, and other exchanges between the parties that are in the record.[22]

If the moving party fails to carry this burden, the motion must be denied.

If the moving party successfully carries its burden, the burden of production then shifts to the non-moving party to direct the Court's attention to something in the

---

[17] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[18] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[19] *Hibernia Nat. Bank v. Carner*, 997 F.2d 94, 98 (5th Cir. 1993) (citing *Amoco Prod. Co. v. Horwell Energy, Inc.*, 969 F.2d 146, 147–48 (5th Cir. 1992)).
[20] *Celtic Marine Corp. v. James C. Justice Cos.*, 760 F.3d 477, 481 (5th Cir. 2014) (quoting *Celotex*, 477 U.S. at 323).
[21] *Celotex*, 477 U.S. at 331.
[22] *Id.* (internal citation omitted).

pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[23] Thus, the non-moving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[24] "[U]nsubstantiated assertions are not competent summary judgment evidence."[25] Rather, "the party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[26]

## DISCUSSION

The Jones Act provides a seaman with a cause of action against his employer for injuries sustained as a result of his employer's negligence.[27] A seaman may recover damages under the Jones Act if his employer's negligence was the legal cause, in whole or in part, of his injury.[28] At trial, Lee must establish that Offshore had a duty to provide a reasonably safe place to work, Offshore breached that duty, and Offshore's negligence caused his injuries. Lee bears a "featherweight" burden of proof to establish causation for

---

[23] *Id.* at 322–25.
[24] *Id.* at 332–33.
[25] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324).
[26] *Id.* (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)) (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)).
[27] *Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331, 335 (5th Cir. 1997).
[28] *Id.*

4

a Jones Act negligence claim and need only show that his employer contributed to his injuries "in the slightest degree."[29]

Independent from a Jones Act claim, a seaman may claim his injuries were caused by the unseaworthiness of a vessel under general maritime law. A vessel is deemed unseaworthy if a condition of the vessel presents an unreasonable risk of harm to the seaman.[30] The two elements of an unseaworthiness claim are: (1) the vessel or the vessel's equipment was not reasonably fit for its intended purpose, and (2) the "unseaworthy condition played a substantial part in bringing about or actually causing the injury and that the injury was either a direct result or a reasonably probable consequence of the unseaworthiness."[31] A vessel owner's duty to prevent unseaworthy conditions is absolute, continuing and nondelegable, and lack of knowledge or of opportunity to correct such conditions does not mitigate the owner's duty.[32] At trial, Lee will bear the burden of proving: (1) Offshore's negligence was a legal cause of his injuries, and (2) that the unseaworthiness of the M/V BALTY was the proximate cause of his injuries.

Offshore argues it is entitled to judgment as a matter of law on Lee's Jones Act negligence claim and his unseaworthiness claim. Rule 56 states, "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[33] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the

---

[29] *Gavagan v. United States*, 955 F.2d 1016, 1019 (5th Cir. 1992).
[30] *Park v. Stockhill Boat Rentals, Inc.*, 492 F.3d 600, 604 (5th Cir. 2007).
[31] *Mitchell v. Trawler Racer, Inc.*, 362 U.S. 539, 550 (1960). This is a "proximate cause" standard. *Alverez v. J. Ray McDermott & Co.*, 674 F.2d 1037, 1042–44 (5th Cir. 1982).
[32] *Allen v. Seacoast Products, Inc.*, 623 F.2d 355 (5th Cir. 1980).
[33] FED. R. CIV. P. 56(a).

record but refrains from making credibility determinations or weighing the evidence."[34] All reasonable inferences are drawn in favor of the non-moving party.[35] "The use of summary judgment is rarely appropriate in negligence . . . cases, even where the material facts are not disputed."[36] As the Fifth Circuit has explained:

> Because of the peculiarly elusive nature of the term "negligence" and the necessity that the trier of facts pass upon the reasonableness of the conduct in all the circumstances in determining whether it constitutes negligence, it is the rare personal injury case which can be disposed of by summary judgment, even where the historical facts are concededly undisputed.[37]

Thus, a court will grant summary judgment in a negligence case only in "rare circumstances."[38]

This reasoning is particularly applicable to Jones Act cases. "Because of the policy of providing an expansive remedy for seamen, submission of Jones Act claims to a jury requires a very low evidentiary threshold; even marginal claims are properly left for jury determination."[39] "Summary judgment is rarely granted in maritime negligence cases

---

[34] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir.2008); *see also Reeves v. Sanderson Plumbing, Inc.*, 530 U.S. 133, 150–51 (2000).
[35] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994).
[36] *Davidson v. Stanadyne, Inc.*, 718 F.2d 1334, 1338–39 (5th Cir. 1983) (citing *Marsden v. Patane*, 380 F.2d 489, 491 (5th Cir. 1967); *Gross v. Southern Railway Co.*, 414 F.2d 292, 296 (5th Cir.1969); *Croley v. Matson Navigation Co.*, 434 F.2d 73, 75 (5th Cir.1970); *King v. Avtech Aviation, Inc.*, 655 F.2d 77, 78 (5th Cir. 1981); 10A Wright, Miller & Kane, Federal Practice and Procedure § 2729 at 195 (1983)).
[37] *Gauk v. Meleski*, 346 F.2d 433, 437 (5th Cir. 1965).
[38] *Davidson*, 718 F.2d at 1339 & n.8 ("In tort actions in which determinations of a less "elusive nature," such as the existence of an agency relationship, waiver, or whether a plaintiff is in a class protected by a statute, are dispositive, summary judgment may more often be appropriate." (citing 10A Wright, § 2729 at 197–201)); *see also Keating v. Jones Development of Mo., Inc.*, 398 F.2d 1011, 1015 (5th Cir. 1968) ("Negligence is a seldom enclave for trial judge finality. Negligence is a composite of the experiences of the average man and is thus usually confined to jury evaluation.").
[39] *Leonard v. Exxon Corp.*, 581 F.2d 522, 524 (5th Cir. 1978) (citing *Barrios v. La. Construction Materials Co.*, 465 F.2d 1157, 1162 (5th Cir. 1972)).

because the issue of whether a defendant acted reasonably is ordinarily a question for the trier of fact."[40]

In this case, the jury must determine whether Offshore's actions or inactions contributed to Lee's injuries "in the slightest degree."[41] Lee alleges he was walking the deck, which undisputedly did not have non-skid paint applied to it, "when [he] turned, . . . [and his] leg [went] in the opposite direction." Based on this testimony and the aforementioned undisputed facts, a reasonable jury could infer that the lack of non-skid paint caused Lee to slip and injure his knee. This determination ultimately is for the trier of fact.[42] Further, as comparative fault is applicable to Jones Act negligence cases,[43] even if the jury were to conclude Offshore's alleged negligence in some way caused Lee's injuries, the jury would also have to determine whether and to what extent Lee's own actions or inactions contributed to his injuries.[44] "A jury is well suited for resolving this type of fact-intensive dispute based on well-settled legal principles."[45]

With respect to Plaintiff's unseaworthiness claim, that the M/V BALTY's deck did not have non-skid paint applied to it is undisputed. The parties dispute, however, whether this lack of non-skid paint was unreasonable in light of the vessels' intended purpose. Courts have found that "the absence of non-skid tape or some other appropriate skid resistant surface" may render a vessel unseaworthy.[46] This inquiry is fact intensive and

---

[40] *Schoenfeldt v. Schoenfeldt*, No. 13-5468, 2014 WL 1910808, at *3 (W.D. Wash. May 13, 2014) (citing *Christensen v. Georgia–Pacific Corp.*, 279 F.3d 807, 813 (9th Cir. 2002)); *see also id* ("Questions of forseeability and causation" in Jones Act negligence cases "particularly lend themselves to resolution by a jury" (citing *Wyler v. Holland America Line–USA, Inc.*, 348 F. Supp. 2d 1206, 1210 (W.D. Wash. 2003))).
[41] *Gavagan*, 955 F.2d at 1019.
[42] *See Leonard*, 581 F.2d at 524.
[43] *See Gautreaux*, 107 F.3d at 339.
[44] *Id.*
[45] *Sartin v. Cliff's Drilling Co.*, No. 03–1825, 2004 WL 551209, at *1 (E.D. La. Mar. 18, 2004).
[46] *See Courville v. Cardinal Wireline Specialists, Inc.*, 775 F. Supp. 929, 936 (E.D. La. 1991); *see also Thomas v. SHRM Catering Servs., Inc.*, No. 07-1177, 2009 WL 928640 (E.D. La. Mar. 25, 2009).

requires the jury to balance many factors—in this case, for example, the jury will be required to consider the kind of friction created by rough deck boards, such as the deck boards on the M/V BALTY, and whether such boards provide a safe walking surface without non-skid paint—before deciding whether the risks presented in the absence of non-skid paint are unreasonable.[47] Further, should the jury find the failure to apply non-skid paint was unreasonable, the jury must then determine whether the lack of non-skid paint "played a substantial part in bringing about or actually causing the injury and that the injury was either a direct result or a reasonably probable consequence of the unseaworthiness."[48] "[C]ausation under this definition is still a fact-intensive inquiry, and summary judgment is similarly inappropriate at this time."[49]

Accordingly;

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Offshore Logistical & Transport, LLC's motion for partial summary judgment on the issues of liability for Jones Act negligence and unseaworthiness under general maritime law,[50] be and hereby is **DENIED**.

**New Orleans, Louisiana, this 20th day of December, 2017.**

                                          *Susie Morgan*
                                    **SUSIE MORGAN**
                        **UNITED STATES DISTRICT JUDGE**

---

[47] *In re Crewboats, Inc.*, No. 02–2023, 2003 WL 21018858, at *2 (E.D. La. May 5, 2003); *see also In re Pellegrin, Adams, & Chauvin Towing Co.*, No. 12-156, 2013 WL 1155064, at *2 (E.D. La. Mar. 19, 2013).
[48] *Mitchell v. Trawler Racer, Inc.*, 362 U.S. 539, 550 (1960). This is a "proximate cause" standard. *Alverez v. J. Ray McDermott & Co.*, 674 F.2d 1037, 1042–44 (5th Cir. 1982).
[49] *In re Crewboats, Inc.*, 2003 WL 21018858, at *2.
[50] R. Doc. 65.